UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERI RIGLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00324-JRS-DLP |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Teri Rigley's petition for a writ of habeas corpus challenges her conviction in prison disciplinary case RTC 19-02-0346. For the reasons explained in this Order, Ms. Rigley's petition is **granted.**

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On February 16, 2019, Lieutenant K. Cobb wrote the following conduct report:

> On 2/16/19 at approx. 7:05 AM, I, Lt. K. Cobb observed Offender Rigley, Teri 264346 kissing Offender Shropshire, Shonda 260268 on the mouth in front of the West Chow Hall.

Dkt. 7-1. Based on this conduct report, Ms. Rigley was charged with attempting to engage in sexual conduct, Code 240/216B. Dkt. 7-2.

On February 26, 2020, Ms. Rigley received a Notice of Disciplinary Hearing and Screening Report and was notified of the charge. *Id.* Ms. Rigley pleaded not guilty and requested a lay advocate. *Id.* Ms. Rigley declined to call any witnesses and did not request any physical evidence. *Id.* Ms. Rigley stated she would "bring paper statements" of witnesses to the hearing. *Id.*

Ms. Rigley's disciplinary hearing was conducted on March 7, 2019. Dkt. 7-4. Ms. Rigley made the statement:

> I had my back facing Lt. Cobb and Offender Shropshire and myself were not kissing we were having a disagreement when we got into each others face. I'm asking to be dropped down to a 360-C.

*Id.* Ms. Rigley presented the following three witness statements:

> To Whom it may concern:
> As I was leaving the chow hall I came out and seen these two offenders having a disagreement Teri Rigley and Shonda Shropshire. I then stopped and asked them was everything okay . . . As I began to walk away I seen Lt. Cobbs approaching them stating she seen them kissing. It was during breakfast and it was still dark . . . She must of assumed that's what was happening. I can witness that these offenders were only a deep conversation. Casey Crain #287042

Dkt. 1-1 at 6.

> On or about Feb. 2019 after breakfast. As I was leaving the west dining hall. I seen 2 offenders having a conversation, they had stopped between the 2 dining halls, I then heard someone approach them and said, she seen them kissing and asked for there names. I never witnessed any physical contact between the 2 offenders. Madalynn Goodman 240719

*Id.* at 7.

> I witnessed the two offenders in question arguing on 2-16-19 outside of the chow hall. They were close to each others faces. I then watched Sgt Cobb exit the chow

>hall and say to the offenders that she saw them kissing. It was still dark outside at this time. Barbara Valdez #183341

*Id.* at 8.

The hearing officer found Ms. Rigley guilty. Dkt. 7-4. In explaining her decision, the hearing officer stated only that she credited Lieutenant Cobb's statement that she saw the two inmates kissing on the mouth. *Id.* The hearing officer deprived Ms. Rigley of 30 days' earned credit time. *Id.*

Ms. Rigley's appeal to the Facility Head was denied. Dkt. 7-5. In response to an administrative appeal, the appeal review officer modified Ms. Rigley's charge from attempting sexual conduct to "disorderly conduct" in violation of Code B236. Dkt. 7-6. The appeal review officer stated simply that "the facts of the charged conduct more properly indicate a violation of code B236." *Id.* He did not explain what evidence led him to that conclusion or why. Ms. Rigley's sanctions were not modified.

### C. Analysis

Ms. Rigley's petition is meritorious and must be granted. No evidence supports the appeal review officer's conclusion that Ms. Rigley engaged in disorderly conduct. Ms. Rigley asserts that her conduct does not match the definition of the disciplinary offense for which she has been punished. This is an argument that her disciplinary conviction for disorderly conduct is not supported by sufficient evidence to satisfy due process.

A disciplinary conviction "need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See*

*also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

An inmate violates Code B236, "Disorderly Conduct," by "exhibiting conduct which disrupts the security of the facility or other area in which the offender is located." Dkt. 7-7 at § 236. Simply put, no evidence presented to the hearing officer or the final reviewing authority indicates that Ms. Rigley disrupted prison security on February 16, 2019.

The only evidence of Ms. Rigley's conduct is found in the five accounts provided by Lieutenant Cobb, Ms. Rigley, and the three other inmates. Lieutenant Cobb's account states only that Ms. Rigley kissed another inmate. The other four state that Ms. Rigley argued with another inmate. Ms. Rigley argued that she did not disrupt the "security of the facility or others" and was not taken to lockup as a result of the incident. Dkt. 1 at 2. None of the five accounts provides any information whatsoever about how other inmates or the prison staff responded to Ms. Rigley's conduct—much less information describing a disruption to prison security.

The respondent asserts that in Ms. Rigley's appeal to the facility she admitted to having a "disruptive disagreement outside the dining hall and conceded that she had been 'causing a scene.'" Dkt. 7 at 8. The respondent asserts that "[a] reasonable hearing officer could find some evidence to support significant disruption where numerous inmates witnessed or heard the encounter, such that there was some evidence to support the guilty finding." *Id.* But Code B236 requires more than a generic finding that conduct was "disruptive." Code B236 punishes conduct that disrupts security. The respondent identifies no evidence that Ms. Rigley's conduct disrupted security, and the Court finds none in the record. The conclusion the respondent advances would be based on speculation—not on evidence.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because Ms. Rigley was denied due process in RTC 19-02-0346, her petition for a writ of habeas corpus is **granted**. Ms. Rigley's disciplinary conviction must be **vacated** and her sanctions **rescinded**. Her earned credit time must be **immediately restored**, and her new release date must be calculated accordingly.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   5/7/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERI RIGLEY
264346
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov